**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 23, 2007**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ALEX MARTINEZ PINA AND | § | CASE NO. 05-10970-CAG |
| RACHEL TELLO PINA, | § | |
| Debtor. | § | CHAPTER 13 |
| | § | |

### ORDER GRANTING DEBTOR'S SECOND MOTION FOR MORATORIUM AND REQUEST FOR AWARD OF ADDITIONAL COMPENSATION TO DEBTOR'S ATTORNEY

Came on for consideration on December 4, 2007, the Debtor's Second Motion for Moratorium and Request for Award of Additional Compensation filed October 25, 2007 (Doc. No. 44) and the Chapter 13 Trustee's Objection thereto.[1] A hearing was conducted on this motion and

---

[1] The Court considered identical pleadings and objections in *In re Rose Marie Lopez*, Bankruptcy No. 04-13396-CAG and *In Re Susan Thomas*, Bankruptcy No. 05-17215-CAG. The ruling made herein applies to each Debtor, who will be referred to in the text collectively as "Debtor." The same attorney, Gregory R. Phillips, represents all three Debtors and will be referred to as "Debtor's Counsel." The motions for moratorium filed in each case will be referred to as "Motion." The Court will enter orders contemporaneously in these cases granting the same relief.

1

related pleadings. After considering the pleading and evidence of counsel, the Court took this matter under advisement. The Court has subject jurisdiction over this matter under 28 U.S.C. §157 and §1334. This matter is a core proceeding as defined under §157(a)(b)(2)(A)(matters concerning the administration of the estate). For the reasons stated herein, the Court finds that the Debtor's Motion should be **GRANTED**.

The facts in all three cases are nearly identical. All three cases were filed prior to the October 2005 effective date of the Bankruptcy Abuse Prevention Act and Consumer Protection Act of 2005 (BAPCPA). In all three cases, the Debtor filed a Chapter 13 petition, and the Court has confirmed a Chapter 13 Plan. None of the Debtors had sought a previous moratorium of plan payments. Until the filing of the Motion, the Debtor was current on Chapter 13 plan payments. The Debtor's first motion for moratorium was denied for lack of service on all interested parties because that motion was, in the Court's judgment, analogous to a motion to modify plan and all affected parties should have notice of the relief sought. Debtor's Counsel then filed the subject Motion, serving it on all affected parties. In all three cases, the Debtor is seeking a 60-day moratorium of plan payments for the following reasons: Ms. Lopez is having hip replacement surgery and needs six weeks to recover; Mr. Pina is out of work and is looking for new employment; and Ms. Thomas is out of work and is looking for a new job. In each motion, Debtor's Counsel requests attorney's fees of $300.00 for time spent on the motion and expenses. A separate fee application summary was included with each Motion.

The Trustee did not object to the merits of the Motion in that the Debtor had shown good cause for the moratorium. The issue in all three matters was Debtor's Counsel's entitlement to attorney's fees.

2

Debtor's Counsel argued at hearing two bases for the requested relief. First, Debtor's Counsel noted that the Chapter 13 Trustee had changed her practice of allowing a debtor to make a first request for moratorium without the necessity of filing a written request for moratorium in the case. As such, the Trustee was no longer granting an initial motion "informally." Second, Debtor's Counsel argued that a motion for moratorium was actually a motion to modify plan. Assuming that a motion for moratorium is a motion to modify plan, the Court could award fees and avoid a provision of the Court's Standing Order Relating to Attorneys Fees in Chapter 13 Cases in the Austin Division dated March 1, 2007. This Standing Order established a benchmark fee that attorneys can receive for filing routine, non-business chapter 13 cases and with the fee presumed to include work associated with routine motions such as requests for moratorium of plan payments. A motion to modify a plan is not listed as a routine motion.

The Chapter 13 Trustee countered Debtor Counsel's arguments that service was not proper under Bankruptcy Rule 9013 and Standing Order governing service. Second, the Trustee argued that the Motion was included within the work presumed as included within the benchmark fee stated in the Standing Order dated March 1, 2007.[2]

As an initial matter, the Court is satisfied that Debtor's Counsel properly served the Motion in accordance with Bankruptcy Rule 9013 and the Local Standing Order for Chapter 13 Case Administration for Austin Division dated October 24, 2005. Further, the Court agrees with Debtor's Counsel's argument that requests for moratoriums are in actuality a motion to modify the plan under §1329 of the Bankruptcy Code. Such motions certainly alter the timing of repayments to creditors

---

[2] The Court notes that this same presumption of a motion for moratorium being included in the benchmark fee is also stated in the Standing Order covering the Austin Division dated Oct. 25, 2005, and the Bankruptcy Court Local Rules for the Western District of Texas that were in effect through Nov. 7, 2005.

3

by extending a plan's duration to cover the missed months of payments, not exceeding the sixty-month limit of §1322(d). A payment moratorium that would extend the plan term beyond 60-months would require a debtor to attach an amended budget and amended schedules "I" and "J" to show that the debtor could complete the modified plan with increased repayment amounts to creditors. There is simply no other way to connote a request for moratorium with any other provision of the Bankruptcy Code other than a motion to modify plan.

Thus, a motion for moratorium must be measured against the same standards for modification of a plan under §1329. Here, the Debtor is only seeking a suspension of payments, affecting the timing of repayments to creditors. The Court must measure the good faith of each Debtor's claim for relief. The grounds for relief recited in each Motion appear to be beyond the control of the Debtor and have merit.

Both Standing Orders (dated Mar.1, 2007 and Oct. 24, 2005) allow an attorney to seek fees for filing motions that are otherwise presumed to be routine motions and included within the benchmark fee if the attorney shows cause to receive additional fees. The Motions at issue do not show any such cause. Therefore, an award of fees to Debtor's Counsel at least facially violates the terms of these Standing Orders. However, the three cases at issue were filed prior to BAPCPA and were, at the time of filing, subject to a lower benchmark fee.[3] The benchmark fee in effect post-BAPCPA was increased to account for the additional requirements that BAPCPA imposes on consumer lawyers. Each of the Debtor's plans were confirmed at 55 months or less, and, with an extension of two months to account for the moratorium request, none of the plans exceed the 60

---

[3] A review of the Disclosure of Compensation of Attorney for Debtor filed in each of the three cases shows the following: in the *Lopez,* the debtor's attorney was being compensated a flat fee of $2,316.00; in the *Pina* case, the compensation was $2,306.00; and in the *Thomas* case, the compensation was $2,316.00.

4

month limit of §1322(d) so the plan payment need not be modified.

Additionally, the fee request of $300.00 in each case is reasonable. The $300.00 fee approximates one hour of attorney time and compensates Debtor's Counsel for consulting with the client, preparing and filing the motion, and attending and responding to the Trustee's objections at the hearing. This fee also includes the associated expenses in serving the motion and any related legal assistant time. The $300.00 fee still makes the accumulated award of fees in each case reasonable.

As such, the Second Motion for Moratorium is GRANTED. Further, Debtor's Counsel's fee request for $300 is GRANTED in this limited circumstance. The Court will continue to review fee requests on a case by case basis and may ultimately decide to further amend the Standing Order on fees to preclude or allow fee requests of this type.

# # #